# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

JESSICA M. PARKER,

    Petitioner,

v.

RICKEY MOHAM, Warden,

    Respondent.

Case No. CIV 14-146-RAW-KEW

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Mabel Bassett Correctional Center in McLoud, Oklahoma, is challenging her conviction in LeFlore County District Court Case No. CF-2010-123 for Child Abuse by Neglect. She raises the following grounds for relief:

    I.    Trial court erred in failing to exclude portions of Dr. Lowen's testimony because it was irrelevant and unfairly prejudicial.

    II.    [Petitioner] is entitled to a new trial because her jury was improperly exposed to propensity evidence.

    III.    [Petitioner] should be afforded relief on the basis of cumulative error.

The respondent alleges petitioner has failed to exhaust the state court remedies for all her habeas claims. In particular, petitioner sets forth a Fourteenth Amendment claim is her discussion of Ground I of the petition as follows: "Petitioner was denied a fair trial in violation of her Fourteenth Amendment Rights due to prejudicial testimony that lacked relevance." (Dkt. 1 at 3).

A review of the record shows that petitioner presented the above the titles of her claims in her direct appeal, *Parker v. State*, No. F-2011-808, slip op. at 1 (Okla. Crim. App. Mar. 20, 2013), but she did not specifically raise a Fourteenth Amendment claim in the Oklahoma Court of Criminal Appeals. She, therefore, has never presented the substance of

her federal claim in Ground I to the state court. *See Hawkins v. Mullin*, 291 F.3d 658, 673-74 (10th Cir. 2002). *See also Duncan v. Henry*, 513 U.S. 364, 366 (1995) (per curium) (noting petitioner's failure to apprise state courts that evidentiary challenge was based in part on federal due process concerns was insufficient to exhaust § 2254 due process claim; further noting that mere similarity of claims was insufficient); *Anderson v. Harless*, 459 U.S. 4 (1982) (holding habeas petitioner failed to present federal habeas claim challenging jury instruction fairly to state court where in state court he challenged instruction relying solely on state law). As such, petitioner's federal claim in Ground I remains unexhausted. To exhaust Ground I, petitioner would have to present the claim to the trial court in an application for post-conviction relief, pursuant to Okla. Stat. tit. 22 § 1080. If the application is denied by the trial court, she may appeal to the Oklahoma Court of Criminal Appeals.

A district court has two options when faced with a "mixed" petition containing both exhausted and unexhausted claims. One option is to require the petitioner to exhaust all her claims in state court before bringing the petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (instructing a district court to dismiss without prejudice and allow the petitioner to refile once the claims are exhausted); *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (if a court is concerned about the prisoner's meeting the one-year filing requirement of 28 U.S.C. § 2244(d), and if "there was good cause for the petitioner's failure to exhaust his claims first in state court," the court can decline to dismiss the matter and issue a stay and abeyance of the petition, while the petitioner exhausts his state court remedies). The second option is to deny the entire petition on the merits, notwithstanding failure to exhaust, if the court is convinced the unexhausted claim is without merit, or that the issue is easily resolvable against the petitioner. See 28 U.S.C. § 2254(b)(2).

After careful review, the court finds a stay and abeyance is not warranted, because petitioner has not shown good cause for her failure to exhaust Ground I through an application for post-conviction relief. Her options for proceeding with this action are to (1) dismiss the action without prejudice in its entirety with the understanding that a second

habeas petition could be barred by the statute of limitations, (2) dismiss the unexhausted claim and continue with the exhausted claims, or (3) continue this case with all claims, with the knowledge that the court will dismiss this action for failure to exhaust all state court remedies.

Petitioner is granted twenty-one (21) days to advise the court of the direction she intends to follow by filing one of the following: (1) a motion to dismiss this action in its entirety without prejudice, (2) a motion to dismiss the unexhausted claim, or (3) a notice that she intends to continue the petition with both exhausted and unexhausted claims. Failure to respond as directed by the court in this order will result in dismissal of this entire action.

**ACCORDINGLY,** the respondent's motion to dismiss (Docket No. 5) is DENIED, and petitioner is directed to advise the court of her intentions for proceeding in this case within twenty-one (21) days by filing an appropriate pleading as set forth above. The respondent is directed to file a response or appropriate motion within thirty (30) days of petitioner's response to this Opinion and Order.

**IT IS SO ORDERED** this 11th day of March 2015.

RONALD A. WHITE
**UNITED STATES DISTRICT JUDGE**